UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JOHNNY DUNCAN,<br>    Plaintiff | CIVIL ACTION |
| VERSUS | NO. 14-2989 |
| UNITED SERVICES AUTOMOBILE<br>ASSOCIATION INSURANCE, ET AL.,<br>    Defendants | SECTION: "E" (4) |

## ORDER AND REASONS

Before the Court are three motions to dismiss: (1) a motion to dismiss filed by Edward B. Rust, Jr.;[1] (2) a motion to dismiss filed by United Services Automobile Association and USAA Federal Savings Bank;[2] and (3) a motion to dismiss filed by Josue Robles, Jr.[3] Plaintiff opposes all three motions.[4] For the reasons stated herein, the motions to dismiss are **DENIED WITHOUT PREJUDICE**.

## BACKGROUND

On December 31, 2014, pro se Plaintiff Johnny Duncan ("Duncan") filed a complaint for damages, praying for relief against a handful of defendants under a variety of federal and state laws.[5] Specifically, Duncan asserts a number of due process and civil rights violations, as well as miscellaneous violations of Louisiana Civil Code provisions, against a group of United Services Automobile Association ("USAA") and

---

[1] R. Doc. 12.
[2] R. Doc. 31.
[3] R. Doc. 32.
[4] R. Docs. 14, 33.
[5] *See* R. Doc. 1. Plaintiff filed suit pursuant to 42 U.S.C. §§ 1981, 1982, 1983, 1985, 1986, and 1988, in addition to the 5th and 14th Amendments to the United States Constitution, the Civil Rights Act of 1866, and various statutes of the State of Louisiana. *See* R. Doc. 1 at 1. Plaintiff named the following individuals and entities as defendants: United Services Automobile Association (USAA); Joe Robles (later amended and corrected to Josue Robles, Jr.); USAA Federal Savings Bank; USAA Insurance; State Farm Insurance; Edward Rust, Jr.; State Farm Mutual Automobile Insurance; Mia DeLouise; Mia DeLouise Insurance Agency; and "et al."

1

State Farm Insurance companies.[6] Duncan argues *inter alia* that his rights were violated when these companies terminated various insurance policies and denied him "the membership benefits, privileges and services which have been granted to other members."[7]

Duncan also names as Defendants several individuals allegedly associated with those companies, including Edward B. Rust, Jr. ("Rust") and Josue Robles, Jr. ("Robles").[8] Rust serves as the Chairman of the Board and the Chief Executive Officer of State Farm Mutual Automobile Insurance Company ("State Farm") and has held that position since 1987.[9] Robles formerly served as the Chief Executive Officer of USAA.[10] Duncan argues Rust and Robles are liable alongside the other Defendants.[11]

Defendants Rust and Robles responded to Duncan's complaint with individual motions to dismiss.[12] Rust filed his motion on May 6, 2015, arguing that Duncan "alleges no facts describing conduct by Rust" and that "the Complaint does not state a claim for relief against Rust that is plausible on its face."[13] Robles filed a motion to dismiss on June 29, 2015, on similar grounds.[14]

On June 29, 2015, Defendants USAA and USAA Federal Savings Bank (collectively, "the USAA Defendants") also filed a motion to dismiss.[15] The USAA Defendants set forth several arguments as to why their motion should be granted,

---

[6] *See* R. Doc. 1 at 1–2, 16–18.
[7] R. Doc. 1 at 16.
[8] R. Doc. 1 at 1–2.
[9] R. Doc. 14 at 1.
[10] R. Doc. 32-1 at 2.
[11] *See generally* R. Doc. 1.
[12] R. Docs. 12, 32.
[13] R. Doc. 12 at 1. Rust contends that Duncan has failed to allege facts to support any claims against Rust, instead listing Rust in a list of "State Farm Defendants" without specifying how Rust was involved. R. Doc. 12-1 at 2.
[14] *See* R. Doc. 32. Robles also argues that the Court lacks personal jurisdiction over him, as he neither works nor resides in Louisiana. *See* R. Doc. 32-1 at 1.
[15] *See* R. Doc. 31.

2

namely that Duncan fails to allege facts sufficient to support his claims for damages against them.[16]

## **LEGAL STANDARD**

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a district court may dismiss a complaint, or any part of it, for failure to state a claim upon which relief may be granted if the plaintiff has not set forth factual allegations in support of his claim that would entitle him to relief.[17] "Factual allegations must be enough to raise a right to relief above the speculative level."[18] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[19] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[20] However, the court does not accept as true legal conclusions or mere conclusory statements.[21]

It is well established that "pro se complaints are held to less stringent standards than formal pleadings drafted by lawyers."[22] However, regardless of whether the plaintiff is proceeding pro se or is represented by counsel, "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a

---

[16] R. Docs. 31 at 1; 33-1 at 1. The USAA Defendants contend: (1) "Mr. Duncan's Complaint fails to allege facts sufficient to support his claim for damages pursuant to the 5th, 7th, 9th, and 14th Amendments to the U.S. Constitution or pursuant to Sections 1981, 1982, 1983, 1985, 1986, and 1988 of Title 42 of the United States Code;" (2) "Mr. Duncan's Complaint fails to allege facts sufficient to support his claim for damages pursuant to Louisiana Civil Code articles 2315 and 2317;" and (3) "Mr. Duncan's Complaint alleges acts and/or omissions upon which any cause of action for damages is prescribed because such causes of action accrued more than one year from the date Mr. Duncan filed his Complaint, and are therefore prescribed as a matter of law." *See* R. Doc. 31-1 at 1.
[17] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007).
[18] *Twombly*, 550 U.S. at 555.
[19] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).
[20] *Id.*
[21] *Id.*
[22] *Miller v. Stanmore*, 636 F.2d 986, 988 (5th Cir. 1981). *See also Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002).

motion to dismiss."[23] "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief."[24] "Dismissal is appropriate when the complaint 'on its face show[s] a bar to relief.'"[25]

"Motions to dismiss under Rule 12(b)(6) are viewed with disfavor and are rarely granted."[26] As a result, the Court should generally "afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal."[27]

## DISCUSSION

At this stage in the proceedings, it is unclear whether Duncan's complaint states facially plausible causes of action against Rust, Robles, or the USAA Defendants.[28]

Considering Duncan's pro se status and the deficiencies of his complaint, the Court finds it appropriate to allow Duncan the opportunity to amend his complaint to address the issues raised by the Defendants' motions to dismiss. Because this case is still at an early stage in the proceedings, the Court finds that granting Duncan leave to amend will not cause Defendants any prejudice. Pursuant to Federal Rule of Civil Procedure 15(a), which provides that the Court should freely grant leave to amend "when justice so requires," the Court finds that justice requires that Duncan be allowed to amend his complaint and specifically plead any allegations he may have against Rust,

---

[23] *S. Christian Leadership Conference v. Supreme Court of the State of La.*, 252 F.3d 781, 786 (citing *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993)). *See also Taylor*, 296 F.3d at 378.
[24] *Id.* (quoting Fed. R. Civ. P. 8(a)(2)).
[25] *Cutrer v. McMillan*, 308 F. App'x 819, 820 (5th Cir. 2009) (per curiam) (unpublished) (quoting *Clark v. Amoco Prod. Co.*, 794 F.2d 967, 970 (5th Cir. 1986)).
[26] *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009).
[27] *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002).
[28] *See Iqbal*, 556 U.S. at 678.

4

Robles, and the USAA Defendants, in addition to any allegations he may have against other Defendants.[29] It would be premature to grant the motions to dismiss at this time, but the Defendants are free to re-urge their motions to dismiss in a timely fashion after Duncan's amended complaint is filed.

## CONCLUSION

**IT IS ORDERED** that the motions to dismiss are **DENIED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that Plaintiff Johnny Duncan amend his complaint by **Friday, October 2, 2015,** to: (1) identify each cause of action asserted, including the legal theories under which Defendants Rust and Robles may be held personally liable and the facts that may justify such a finding; (2) identify the Defendants from whom he seeks recovery under each legal theory; and (3) allege facts sufficient to establish an entitlement to relief under those legal theories.

**New Orleans, Louisiana, this 15th day of September, 2015.**

_____
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[29] *See Great Plains Trust*, 313 F.3d at 329.