UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JOHNNY DUNCAN,<br>    Plaintiff | CIVIL ACTION |
| VERSUS | NO. 14-2989 |
| UNITED SERVICES AUTOMOBILE<br>ASSOCIATION INSURANCE, ET AL.,<br>    Defendants | SECTION: "E" (4) |

## ORDER AND REASONS

This matter comes before the Court on (1) motions to dismiss filed by Defendants, State Farm Mutual Automobile Insurance Co.; State Farm Fire and Casualty Co.; Edward B. Rust, Jr.; United Services Automobile Association Insurance; USAA Federal Savings Bank; and Josue Robles, Jr.;[1] and (2) a motion for judgment on the pleadings filed by Defendants, Mia DeLouise and Mia DeLouise Insurance Agency, LLC.[2] For the reasons that follow, the motions are **GRANTED**.

## FACTUAL & PROCEDURAL BACKGROUND

On December 31, 2014, Plaintiff Johnny Duncan, who is proceeding in this action pro se, filed a complaint for damages against the following Defendants under a variety of federal and state laws—United Services Automobile Association Insurance ("USAA"); USAA Federal Savings Bank; Josue Robles, Jr.; State Farm Mutual Automobile Insurance Co.; State Farm Fire and Casualty Co.; Edward B. Rust, Jr.; the Mia DeLouise Insurance Agency, LLC; and Mia DeLouise (collectively, the "Defendants").[3] In substance, Plaintiff

---

[1] R. Docs. 36, 39, 40. More specifically, three motions to dismiss are pending. The first motion to dismiss was filed by the "State Farm Defendants," a category that includes State Farm Mutual Automobile Insurance Co., State Farm Fire and Casualty Co., and Edward B. Rust, Jr. *See* R. Doc. 36. The second motion to dismiss was filed by the "USAA Defendants," including United Services Automobile Association Insurance and USAA Federal Savings Bank. *See* R. Doc. 39. The third and final motion to dismiss was filed by Josue Robles, Jr., who the Court considers a "USAA Defendant." *See* R. Doc. 40.
[2] R. Doc. 57.
[3] *See generally* R. Doc. 1. Plaintiff references "USAA Insurance" and "State Farm Insurance" throughout his complaint and amended complaint. Neither of those entities, if they even exist, is a defendant in this action.

1

alleges that the aforementioned Defendants denied him, an African-American male, the "membership benefits, privileges and services which have been granted to other members."[4] According to Plaintiff, he was a USAA member and customer for over 30 years and maintained several insurance policies with USAA companies.[5] Plaintiff alleges, however, that USAA and the other Defendants failed to honor his insurance policies and, even further, conspired with one another to violate his civil, contractual, and constitutional rights.[6] For these reasons, Plaintiff brings "state statutory and tort claims," in addition to claims under a number of federal statutes and constitutional provisions, against the Defendants for "constitutional violations," "breach of contract," and "denial of the equal protection of the law" for "not providing disabled African American male plaintiff the same privileges, benefits and protections that were given to other USAA members, clients, and customers."[7]

Several of the Defendants filed motions to dismiss in response to Plaintiff's initial complaint,[8] arguing the complaint failed to state any claims upon which the Court could grant Plaintiff relief. The Court denied those motions without prejudice.[9] The Court, in light of Plaintiff's pro se status and the liberality in favor of allowing a Plaintiff to amend his or her complaint at least once, afforded Plaintiff the opportunity to amend his complaint to more specifically plead his allegations against the various Defendants.[10] The Court's ruling was entered into the record on September 16, 2015, and required Plaintiff to file an amended complaint no later than October 2, 2015.[11]

---

[4] R. Doc. 1 at 16. *See also* R. Doc. 35 at 17–18. For that reason, Plaintiff brings a number of civil rights and other constitutional violations, including miscellaneous violations of Louisiana Civil Code provisions.
[5] R. Doc. 35 at 8.
[6] *See generally* R. Docs. 1, 35.
[7] R. Doc. 1 at 3. *See also* R. Doc. 35 at 3.
[8] *See* R. Docs. 12, 31, 32.
[9] R. Doc. 34.
[10] R. Doc. 34 at 4–5.
[11] *See generally* R. Doc. 34.

Plaintiff filed an amended complaint, albeit late, on October 5, 2015. Although it remains somewhat unclear from the face of the amended complaint, it appears the Plaintiff seeks relief under Title 28, United States Code, Section 1915; Title 42, United States Code, Sections 1981, 1982, 1983, 1985, 1986, and 1988; the 4th, 5th, 7th, 9th, and 14th Amendments to the United States Constitution; Louisiana Civil Code articles 2315 and 2317; and miscellaneous Louisiana statutes.

On October 19, 2015, the State Farm Defendants and the USAA Defendants re-urged their motions to dismiss.[12] Later, on April 18, 2016, the Mia DeLouise Insurance Agency and Mia DeLouise, individually, filed a motion for judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure.[13] The motions advance many different arguments, which the Court need not summarize for present purposes. The Court finds it sufficient to note that each Defendant seeks dismissal, at least partially, on the grounds that Plaintiff has failed to state claims under either federal or state law upon which relief can be granted.[14] The Court considers each of these motions herein.

## **LEGAL STANDARD**[15]

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a district court may dismiss a complaint, or any part of it, for failure to state a claim upon which relief may be granted if the plaintiff has not set forth factual allegations in support of his claim that would entitle

---

[12] R. Docs. 36, 39, 40.
[13] R. Doc. 57.
[14] *See generally* R. Docs. 36, 39, 40, 57.
[15] Defendants, Mia DeLouise and the Mia DeLouise Insurance Agency, have filed a Rule 12(c) motion for judgment on the pleadings. R. Doc. 57. The motions filed by the other Defendants are Rule 12(b)(6) motions to dismiss. R. Docs. 36, 39, 40. "Whether [a] motion is treated as a Rule 12(b)(6) motion to dismiss or as a Rule 12(c) motion for judgment on the pleadings does not change the legal standard the Court must apply. The standard for dismissal under Rule 12(c) is the same as that for dismissal for failure to state a claim under Rule 12(b)(6)." *Goodwin v. Hous. Auth. of New Orleans*, No. 11-1397, 2014 WL 1691544, at *4 (E.D. La. Apr. 29, 2014). *See also Marion's Cleaners, LLC v. Nat'l Fire & Indem. Exch.*, No. 11-2259, 11-2376, 2016 WL 952247, at *2 (E.D. La. Mar. 14, 2016) (citing *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007); *Gentilello v. Rege*, 627 F.3d 540, 543–44 (5th Cir. 2010)). Therefore, the Rule 12(b)(6) standard set forth in this Section applies equally to all of the Defendants' motions considered herein.

him to relief.[16] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[17] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[18] However, the court does not accept as true legal conclusions or mere conclusory statements.[19] In sum, "[f]actual allegations must be enough to raise a right to relief above the speculative level."[20] As a general rule, however, "[m]otions to dismiss under Rule 12(b)(6) are viewed with disfavor and are rarely granted."[21]

It is well established that "pro se complaints are held to less stringent standards than formal pleadings drafted by lawyers."[22] Regardless of whether the plaintiff is proceeding pro se or is represented by counsel, however, "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss."[23] "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief."[24] "Dismissal is appropriate when the complaint 'on its face show[s] a bar to relief.'"[25]

---

[16] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007).
[17] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).
[18] *Id.*
[19] *Id.*
[20] *Twombly*, 550 U.S. at 555.
[21] *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009).
[22] *Miller v. Stanmore*, 636 F.2d 986, 988 (5th Cir. 1981). *See also Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002).
[23] *S. Christian Leadership Conference v. Supreme Court of the State of La.*, 252 F.3d 781, 786 (5th Cir. 2001) (citing *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993)).
[24] *Id.* (quoting Fed. R. Civ. P. 8(a)(2)).
[25] *Cutrer v. McMillan*, 308 F. App'x 819, 820 (5th Cir. 2009) (per curiam) (unpublished) (quoting *Clark v. Amoco Prod. Co.*, 794 F.2d 967, 970 (5th Cir. 1986)).

**LAW AND ANALYSIS**

As stated above, Plaintiff, Johnny Duncan, seeks relief under a number of federal statutes, provisions of the United States Constitution, and Louisiana state laws. The Court considers the Defendants' motions with respect to each of the Plaintiff's causes of action, individually. Because the amended complaint does not clearly identify which Defendants are subject to each cause of action, the Court proceeds as if each cause of action is asserted against every Defendant.

I. Section 1915

Title 28, United States Code, Section 1915, governs proceedings *in forma pauperis*. Plaintiff cites Section 1915 in his complaint but does not identify the relief he seeks thereunder. On December 31, 2014, the Plaintiff filed a motion for leave to proceed *in forma pauperis*,[26] which the Magistrate Judge granted on January 6, 2015.[27] Since that date, Plaintiff has proceeded in this action without the pre-payment of costs. It is unclear what further relief, if any, Plaintiff seeks under Section 1915. Because Plaintiff has been granted *in forma pauperis* status, this cause of action is dismissed as moot.

II. Section 1981[28]

Title 42, United States Code, Section 1981, prescribes an independent cause of action against private, non-governmental actors for discrimination on the basis of race.[29] Section 1981(a) states:

---

[26] R. Doc. 2.
[27] R. Doc. 3.
[28] Plaintiff also asserts claims under the Civil Rights Act of 1866. The substantive rights safeguarded by the Civil Rights Act of 1866 are now codified in Title 42, United States Code, Sections 1981 and 1982. *Sanders v. Dobbs Houses, Inc.*, 431 F.2d 1097, 1098 (5th Cir. 1970). *See also Duncan v. Louisiana State*, No. 15-5486, 2016 WL 1448888, at *3 n.4 (E.D. La. Apr. 13, 2016). Therefore, the Court's analysis of Plaintiff's Section 1981 and 1982 claims applies equally to any claims asserted by Plaintiff under the Civil Rights Act of 1866. As another section of this Court has stated, "[a]s Plaintiff explicitly invokes § 1981 . . . , this Court's discussion of § 1981 provides sufficient to address Plaintiff's claims under the 1866 Act." *Duncan, supra*.
[29] *See, e.g., Oden v. Oktibbeha Cnty., Miss.*, 246 F.3d 458, 462 (5th Cir. 2001); *see also Patterson v. McLean Credit Union*, 485 U.S. 617, 620 (1988); *Gallentine v. Housing Auth. of City of Port Arthur, Tex.*, 919 F.

> All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

Section 1981(b), in turn, defines the phrase "make and enforce contracts" as "the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship." To state a claim under Section 1981, a plaintiff must allege: (1) that he or she is a member of a racial minority; (2) an intent to discriminate on the basis of race by the defendant; and (3) that the discrimination concerns one or more of the activities enumerated in the statute.[30]

With respect to the second factor, the "intent factor," the plaintiff must allege facts showing that, at the hands of the defendant(s), he was purposefully treated differently from similarly situated individuals who were not members of the protected class.[31] In this case, Plaintiff alleges he was a USAA member for over 30 years and that, at the hands of the Defendants, he was denied "the membership benefits, privileges and services which have been granted to other USAA members and clients."[32] Plaintiff then alleges such "harsh disrespectful treatment of USAA member African American male plaintiff suggests the presence and operation of a prescribed, invidious discriminatory racial animus."[33]

---

Supp. 2d 787, 807–08 (E.D. Tex. 2013); *Charles v. Galliano*, No. 10-811, 2010 WL 3430519, at *4 (E.D. La. Aug. 26, 2010); *Williams-Boldware v. Denton Cnty.*, No. 4:09-cv-591, 2010 WL 2991164, at *5 (E.D. Tex. June 15, 2010).
[30] *Bellows v. Amoco Oil Co.*, 118 F.3d 268, 274 (5th Cir. 1997); *Green v. State Bar of Tex.*, 27 F.3d 1083, 1086 (5th Cir. 1994); *Able Sec. and Patrol, LLC v. Louisiana*, 569 F. Supp. 2d 617, 632 (E.D. La. 2008).
[31] *See, e.g., Hall v. Continental Airlines, Inc.*, 252 F. App'x 650, 653–54 (5th Cir. 2007); *Okoye v. Univ. of Tex. Houston Health Sci. Ctr.*, 245 F.3d 507, 512–13 (5th Cir. 2001); *Taiyeb v. Farmer Ins. Grp.*, No. 4:01-CV-0103-E, 2001 WL 1478798, at *2 (N.D. Tex. Nov. 19, 2001) (citing *Riley v. ITT Fed. Servs. Corp.*, No. Civ.A. 3:99CV02362AWT, 2001 WL 194067, at *2 (D. Conn. Feb. 22, 2001) ("The intent element of a § 1981 claim may be satisfied by an allegation that similarly situated employees who are not members of the protected class were treated differently.")).
[32] R. Doc. 35 at 3, 18.
[33] R. Doc. 35 at 18.

Nowhere in his complaint or amended complaint, however, does Plaintiff allege the Defendants purposefully treated him, an African-American male, differently from individuals who are not African Americans. Instead, Plaintiff alleges only that he was treated differently from other USAA members, without respect to race, which was "harsh," "disrespectful," and suggestive of "discriminatory racial animus."[34]

To state a claim for relief under Section 1981, the plaintiff must allege sufficient facts showing the complained-of actions were taken because of his or her race.[35] In this case, Plaintiffs' factual allegations fall short of showing that, if accepted as true, he was discriminated against because of his race. Plaintiff's allegation that he was treated differently from other USAA members is insufficient to show he was treated differently from them *because of* his race. Furthermore, Plaintiff's allegation that his being treated differently from other USAA members was "harsh," "disrespectful," and suggestive of "discriminatory racial animus" also fails. This allegation is conclusory and is without factual support, as Plaintiff has not alleged sufficient facts showing that the Defendants discriminated against Plaintiff due to his minority status.[36]

Having concluded that Plaintiff's allegations are insufficient with respect to the "intent" factor of the Section 1981 analysis, the Court need not address the first and third

---

[34] R. Doc. 35 at 17, 18.
[35] *See, e.g., Arguello v. Conoco, Inc.*, 330 F.3d 355, 358 (5th Cir. 2003); *Mason v. United Air Lines, Inc.*, 274 F.3d 314. 318 (5th Cir. 2001); *Morrison v. Walker*, No. 1:13-CV-327, 2015 WL 11102144, at *9–10 (E.D. Tex. Sept. 24, 2015) ("Morrison has not pled the necessary element that Deputy Barker had an intent to discriminate. . . . At no point does she specifically allege that Defendant Barker intended to discriminate against her on the basis of race when he engaged in the alleged conduct."); *Phillips v. United Parcel Serv.*, No. 3:10-CV-1197-G-BH, 2011 WL 2680725, at *5 (N.D. Tex. June 21, 2011) ("Without sufficient factual allegations that the complained of actions were taken because of her race, Plaintiff has failed to state a claim of racial discrimination under . . . § 1981.").
[36] *Tasher v. St. Tammany Parish Hosp.*, Civ.A. No. 87-1139, 1988 WL 10177, at *4 (E.D. La. Feb. 10, 1988) ("Mere allegation of a minority status does not constitute a claim for racial discrimination under § 1981."); *Phillips*, 2011 WL 2680725, at *5 ("While Plaintiff states that she is a 'born minority,' she does not connect any minority status to UPS' alleged actions, and uses mere conclusory labels such as discrimination and racism to define that conduct.").

factors. Because the Plaintiff's complaint and amended complaint are devoid of factual allegations showing that Defendants purposefully treated Plaintiff differently from non-African Americans, Plaintiff has not stated a plausible claim for relief under Section 1981. For that reason, Plaintiff's Section 1981 claim must be dismissed.

III.     <u>Section 1982</u>

Section 1982 states: "All citizens of the United States shall have the same right, in every State and Territory, as is enjoyed by white citizens thereof to inherit, purchase, lease, sell, hold, and convey real and personal property." "Section 1982 was enacted to enable Congress to enforce the Thirteenth Amendment and, particularly, to prohibit all racial discrimination, private and public, in the sale and rental of property."[37]

To state a claim under Section 1982, the plaintiff must allege an impairment of the type of property interest protected by the statutory language.[38] The express language of the statute relates to "*real* or *personal* property." Some courts have held that insurance policies and the rights granted pursuant to insurance contracts are personal property for purposes of Section 1982.[39] For present purposes, the Court will assume that this case, in which Plaintiff alleges he was discriminated against by his insurance providers, concerns a property interest protected under Section 1982. Even so, Plaintiff's Section 1982 claim fails as a matter of law. Section 1982, like Section 1981, "requires an intentional act of racial discrimination by a defendant."[40] Specifically, to state a claim for relief under Section 1982, a plaintiff must allege facts showing that the defendant(s) intentionally

---

[37] *Evans v. Harry's Hardware*, No. Civ.A. 01-1276, 2001 WL 1190987, at *2 (E.D. La. Oct. 5, 2001).
[38] *See, e.g., Segura v. Tex. Dep't of Human Servs.*, No. Civ.A. SA00CA0229OG, 2001 WL 681748, at *7 (W.D. Tex. Feb. 14, 2001) (citing *City of Memphis v. Greene*, 451 U.S. 100, 123–24 (1981)).
[39] *Owens v. Nationwide Mut. Ins. Co.*, No. 3:03-CV-1184-H, 2005 WL 1837959, at *3 (N.D. Tex. Aug. 2, 2015) (citing *Harary v. Allstate Ins. Co.*, 983 F. Supp. 95, 99 (E.D.N.Y. 1997); *Sims v. Order of United Comm. Travelers of Am.*, 343 F. Supp. 112 (D. Mass. 1972)). *See also generally Brown v. Atlanta Life Ins. Co.*, No. Civ.A. 01-3422, 2004 WL 1555281 (E.D. La. July 9, 2004).
[40] *Vaughner v. Pulito*, 804 F.2d 873, 877 (5th Cir. 1986). *See also Powell v. Zurich Am. Ins. Co.*, No. 16-60078, 2016 WL 3455352, at *4 (5th Cir. June 23, 2016) (not yet released for publication).

discriminated against him or her on the basis of race.[41] As stated above with respect to his Section 1981 claim, the Plaintiff has failed to allege that the Defendants intentionally discriminated against him on the basis of, and because of, his race.[42] For this reason, the Court finds the Plaintiff has failed to state a plausible claim for relief under Section 1982, and his Section 1982 cause of action must be dismissed.

IV.     Section 1983

To state a claim under Section 1983, a plaintiff must allege that the person or entity depriving him of a federal right was a state actor and was acting under the color of law.[43] When a plaintiff asserts a Section 1983 claim "against any private defendant, . . . the conduct of the private defendant that forms the basis of the claimed constitutional deprivation must constitute state action under color of law."[44] The plaintiff must show that the actions of the private defendant are "fairly attributable to the state."[45] If the actions of the private defendant are not fairly attributable to the state, that action is an "insufficient predicate on which to base constitutional claims under § 1983."[46]

In this case, Plaintiff does not allege the Defendants are state actors acting under the color of state law. Neither does Plaintiff allege the Defendants' conduct as it relates to his claims against them, in one way or another, is fairly attributable to the state. Therefore, even accepting his allegations as true, the Court finds the Plaintiff has not stated a claim for relief under Section 1983 that is plausible on its face. Having considered

---

[41] *See Lee v. Ishee*, 383 F. App'x 499, 500 (5th Cir. 2010); *see also Vaughner*, 804 F.2d at 877 (citing *Save Our Cemeteries, Inc. v. Archdiocese of New Orleans, Inc.*, 568 F.2d 1074, 1078 (5th Cir.), *cert. denied*, 439 U.S. 836 (1978)).
[42] *See, e.g., Evans*, 2001 WL 1190987, at *2 (citing *Tillman v. Wheaton-Haven Recreation Ass'n, Inc.*, 410 U.S. 431, 440 (1973)) ("Here, Plaintiff's § 1982 claim falls for the same reasons that her § 1981 claims fall.").
[43] *See, e.g., James v. Tex. Collin Cnty.*, 535 F.3d 365, 373 (5th Cir. 2008); *Cinel v. Connick*, 15 F.3d 1338, 1342 (5th Cir. 1994).
[44] *Morris v. Dillard Dep't Stores, Inc.*, 277 F.3d 743, 747 (5th Cir. 2001) (citing *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 924 (1982)).
[45] *West v. Atkins*, 487 U.S. 42, 49 (1988).
[46] *Maynard v. Price Realty Co.*, No. 3:03-CV-2030-R, 2003 WL 22976185, at *3 (N.D. Tex. Dec. 8, 2003).

the allegations in the complaint, the Court finds the Plaintiff has failed to allege that the Defendants were state actors acting under the color of state law. For that reason, Plaintiff's Section 1983 claim must be dismissed.

V.  Section 1985

Section 1985 provides for three separate causes of action. Section 1985(1) prohibits the interference with a federal officer in the performance of his or her duties, and Section 1985(2) protects parties and witnesses who seek to attend or testify in federal court.[47] Neither Section 1985(1) nor Section 1985(2) is applicable to this case. Therefore, the Court construes Plaintiff's cause of action as one under Section 1985(3). "Section 1985(3) prohibits private conspiracies to deprive persons of equal protection of the laws."[48] To state a claim for relief under Section 1985(3), a plaintiff must show, *inter alia*, "that some racial, or perhaps otherwise class-based, invidiously discriminatory animus [lay] behind the conspirators' action."[49] Stated differently, to state a claim under Section 1985(3), the plaintiff must allege sufficient facts showing the defendants conspired to discriminate against the plaintiff on the basis of his or her race.[50]

In this case, Plaintiff alleges, in part:

> State Farm Mutual, State Farm Automobile Insurance, Mia DeLouise and Mia DeLouise Insurance did conspire with Defendants USAA Insurance and USAA Federal Savings Bank to procure plaintiff's private membership records information in order to lure plaintiff into contracting the cancelled services with State Farm Mutual, State Farm Automobile Insurance, Mia DeLouise and Mia DeLouise Insurance Agency.

---

[47] *See, e.g., Kush v. Rutledge*, 460 U.S. 719, 724 (1983); *Kimble v. D.J. McDuffy, Inc.*, 648 F.2d 340 (5th Cir. 1981); *Bryant v. Miss. Military Dep't*, 519 F. Supp. 2d 622, 628–29 (S.D. Miss. 2007); *Turner v. Bowen*, No. 3:06-cv-576-DPJ-JCS, 2007 WL 1295787, at *2 (S.D. Miss. May 1, 2007); *Ragsdale v. Classroom Teachers of Dallas*, No. 3:06-CV-863-H (BH), 3:06-CV-870-D, 2007 WL 426637, at *4 n.5 (N.D. Tex. Feb. 5, 2007).
[48] *Daigle v. Gulf State Utilities Co., Local Union Number 2286*, 794 F.2d 974, 978 (5th Cir. 1986) (citation omitted).
[49] *Bray v. Alexandria Women's Health Clinic*, 506 U.S. 263, 267–68 (1993) (internal quotations omitted) (quoting *Griffin v. Breckenridge*, 403 U.S. 825, 833 (1983)). *See also David v. Signal Intern., LLC*, No. 08-1220, 2012 WL 10759668, at *36 (E.D. La. Jan. 4, 2012).
[50] *See, e.g., Newsome v. EEOC*, 301 F.3d 227, 232 (5th Cir. 2002).

>\*\*\*
>
> After USAA defendants cancelled plaintiff home owner's[] fire[] and auto insurance policies on January 1, 2014—State Farm Mutual, State Farm Automobile Insurance, Mia DeLouise and Mia DeLouise Insurance Agency *conspired* with and received private information from USAA defendants on plaintiff and his cancelled accounts.
>
> After conspiring with and receiving plaintiff's private information from Defendants USAA Insurance and USAA Federal Savings Bank, State Farm Mutual, State Farm Automobile Insurance, Mia DeLouise and Mia DeLouise Insurance Agency contacted plaintiff in order to replace the cancelled policies with coverage of their own.
>
> \*\*\*
>
> The Defendants Edward B. Rust, Jr., through State Farm Mutual, State Farm Automobile Insurance, Mia DeLouise and Mia DeLouise Insurance Agency conspired with USAA Insurance and USAA Federal Savings Bank to receive and did receive private information from USAA defendants on plaintiff.[51]

Plaintiff has not alleged, however, that the Defendants conspired to discriminate against him on the basis of his race. Elsewhere in his amended complaint, Plaintiff states that he is an African-American male and the treatment he experienced at the hands of the Defendants was "harsh," "disrespectful," and suggestive of "invidious discriminatory racial animus,"[52] but Plaintiff does not support these conclusory allegations with any facts showing the Defendants did, in fact, discriminate against him because of his race. Plaintiff's allegations that the Defendants' actions were motivated by his race are devoid of factual support and, for that reason, Plaintiff has failed to state a plausible claim for relief under Section 1985(3).[53] Plaintiff's cause of action under Section 1985 must be dismissed.

---

[51] R. Doc. 35 at 6, 15, 19.
[52] R. Doc. 35 at 17–18.
[53] *See, e.g., Drake v. St. Paul Travelers Ins. Co.*, 353 F. App'x 901, 905 (5th Cir. 2009) ("Drake has failed to allege any facts that support his belief that the defendants engaged in their conduct because of his race, a requirement under §§ 1981 and 1985."); *Johnson v. Dowd*, 305 F. App'x 221, 224 (5th Cir. 2008) ("The

11

VI. <u>Section 1986</u>

Section 1986 provides for liability against third parties based on their knowledge of Section 1985 violations. Section 1986 does not provide an independent cause of action but instead requires the existence of a valid claim under Section 1985.[54] "A valid § 1985 claim is a prerequisite to a § 1986 claim."[55] Because the Plaintiff has failed to state a plausible claim for relief under Section 1985, Plaintiff's cause of action under Section 1986 is not cognizable. Therefore, Plaintiff's cause of action under Section 1986 must be dismissed.

VII. <u>Section 1988</u>

Plaintiff alleges an entitlement to attorneys' fees under Section 1988. Section 1988 provides, in pertinent part: "In any action or proceeding to enforce a provision of sections 1981, 1981a, 1982, 1983, 1985, and 1986 of this title, . . . the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee as part of the costs." Because the Plaintiff has failed to state plausible claims for relief under Sections 1981, 1982, 1985, and 1986, Plaintiff's claim for attorneys' fees under Section 1988 is moot and must be dismissed.

VIII. <u>Fourth Amendment to the United States Constitution</u>

The Fourth Amendment safeguards privacy interests in places and things. More specifically, the Fourth Amendment protects people from "unreasonable searches and seizures of 'their persons, houses, papers, and effects.'"[56] "It is well-settled that the

---

complaint is entirely devoid of factual allegations that racial considerations motivated the defendants' conduct."); *Earnest v. Lowentritt*, 690 F.2d 1198, 1202 (5th Cir. 1982) ("We find that . . . the failure to allege or prove any racially-based animus underlying the conspiracy mandates the dismissal of the action."); *Gray v. Taser Intern., Inc.*, No. 11-1802, 2012 WL 1329119, at *4 (W.D. La. Apr. 17, 2012).
[54] *Bradt v. Smith*, 634 F.2d 796, 799 n.3 (5th Cir. 1981).
[55] *Bryan v. City of Madison, Miss.*, 213 F.3d 267, 276 (5th Cir. 2000).
[56] *Soldal v. Cook Cnty.*, 506 U.S. 56, 62 (1992) (quoting U.S. Const., amend IV).

protection provided by the Fourth Amendment proscribes only governmental action, and that private party searches of property, even if wrongfully conducted, do not raise Fourth Amendment implications."[57] In this case, Plaintiff alleges that the State Farm Defendants "conspired with" the USAA Defendants to "receive[] private information" about him.[58] The Court construes this as an allegation that Plaintiff believes his privacy rights were violated. Even so, Plaintiff's claim in this regard fails. Plaintiff has not alleged that any of the Defendants are governmental actors or acted under the color of law. Therefore, Plaintiff has failed to state an actionable claim for relief under the Fourth Amendment, and his claims thereunder must be dismissed.

IX. <u>Fifth & Fourteenth Amendments to the United States Constitution</u>

Plaintiff seeks relief under the Fifth and Fourteenth Amendments to the United States Constitution and, specifically, their guarantees of equal protection under the law.[59] The Fourteenth Amendment applies only to state actors,[60] and the Fifth Amendment only to federal actors.[61] The Defendants in this case are not state actors, nor are they federal actors. For these reasons and those stated above with respect to Plaintiff's Section 1983 claim, Plaintiff has not pleaded plausible claims for relief under the Fifth and Fourteenth Amendments to the United States Constitution. Therefore, any claims brought by Plaintiff under the Fifth and Fourteenth Amendments must be dismissed.

---

[57] *United States v. Paige*, 136 F.3d 1012, 1017 (5th Cir. 1998) (citing *United States v. Blocker*, 104 F.3d 720, 725 (5th Cir. 1997)).
[58] R. Doc. 35 at 15.
[59] R. Doc. 1 at 6.
[60] *See Williams v. Bramer*, 180 F.3d 699, 705 (5th Cir. 1999); *Landry v. A-Able Bonding, Inc.*, 75 F.3d 200, 203 (5th Cir. 1996); *Doe v. Rains Cnty. Indep. Sch. Dist.*, 66 F.3d 1402, 1406 (5th Cir. 1995).
[61] *Richard v. Hinson*, 70 F.3d 415, 416–17 (5th Cir. 1995), *cert. denied*, 518 U.S. 1004 (1996); *Blackburn v. City of Marshall*, 42 F.3d 925, 930 n.3 (5th Cir. 1995).

13

X. Seventh Amendment to the United States Constitution

The Seventh Amendment protects a litigant's right to a jury trial in certain cases. A jury has been demanded in this case.[62] To the extent Plaintiff asserts a claim under the Seventh Amendment, the claim is moot.

XI. Ninth Amendment to the United States Constitution

The Ninth Amendment provides: "The enumeration in the Constitution, of certain rights, shall not be construed to deny or disparage others retained by the people." "The Ninth Amendment does not confer substantive rights upon which civil rights claims may be based."[63] Stated differently, the Ninth Amendment is not a vehicle for bringing civil rights claims, and causes of action thereunder cannot be sustained.[64] The Court thus finds that Plaintiff has failed to state a claim upon which relief can be granted under the Ninth Amendment to the United States Constitution. Plaintiff's cause of action under the Ninth Amendment must be dismissed.

XII. State Law Claims

Plaintiff's remaining claims are state law claims. More specifically, Plaintiff alleges violations of Louisiana Civil Code articles 2315 and 2317, miscellaneous provisions of the Constitution of the State of Louisiana, and Louisiana Revised Statutes sections 22:1892 and 1973.[65] With respect to sections 22:1892 and 1973, Plaintiff seeks penalties against the Defendants under the Louisiana Insurance Code. Plaintiff also asserts state law breach

---

[62] R. Docs. 37, 38.
[63] *Johnson v. Tex. Bd. of Criminal Justice*, 281 F. App'x 319, 320 (5th Cir. 2008) (citing *Froehlich v. Wis. Dep't of Corr.*, 196 F.3d 800, 801 (7th Cir. 1999)). "[S]ince the Ninth Amendment does not secure any constitutional rights, no cause of action exists solely for a violation of the Ninth Amendment." *Canton Branch, N.A.A.C.P. v. Runnels*, 617 F. Supp. 607, 609 n.3 (S.D. Miss. 1985) (citations omitted).
[64] *Mitchell v. Town of Lake Arthur*, No. 1:16-0064, 2016 WL 2726561, at *2 (W.D. La. May 9, 2016); *Richardson v. Sewerage & Water Bd.*, No. 95-3033, 1996 WL 288275, at *2 (E.D. La. May 30, 1996) (citing *Charles v. Brown*, 495 F. Supp. 862, 863 (N.D. Ala. 1980); *Canton Branch*, 617 F. Supp. at 609 n.3)).
[65] R. Doc. 35 at 2–3, 9.

14

of contract claims against the Defendants. The Court possesses only supplemental jurisdiction over Plaintiff's state law claims.

Title 28, United States Code, Section 1367(c), provides that district courts may decline to exercise supplemental jurisdiction over state law claims if, *inter alia*, "the district court has dismissed all claims over which it has original jurisdiction." Such is the case here, as the Court has dismissed all of the federal claims asserted by the Plaintiff. As a result, the Court will exercise its discretion pursuant to Title 28, United States Code, Section 1367(c), and decline to exercise jurisdiction over Plaintiff's state law claims.

## CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that Defendants' pending motions to dismiss and motions for judgment on the pleadings are **GRANTED**.[66]

**IT IS FURTHER ORDERED** that Plaintiff's federal claims are **DISMISSED WITH PREJUDICE**, and Plaintiff's state law claims are **DISMISSED WITHOUT PREJUDICE.**

**New Orleans, Louisiana, this 22nd day of July, 2016.**

_____
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[66] R. Docs. 36, 39, 40, 57.